H. M. HINSHAW AND S. G. CRATER, ADMINISTRATORS OF GEORGE HIN-SHAW, DECEASED, v. NANNIE PEPPER.

(Filed 14 October, 1936.)

1. **Automobiles C j—Plaintiff's evidence held to show contributory negligence on part of plaintiff's intestate as a matter of law.**

Plaintiff's evidence tended to show that defendant drove her car into the side of the car driven by plaintiff's intestate as defendant was entering a State Highway from an intersecting county highway, that defendant had stopped her car to allow several cars to pass, but drove into the intersection in front of intestate's car, that intestate's car was being driven by him on the State Highway at a speed of 40 to 45 miles per hour, that he could have seen defendant entering the intersection at a distance of 141 steps, but that he did not slacken his speed, but blew his horn and continued toward the intersection. *Held:* Plaintiff's evidence shows contributory negligence of his intestate as a matter of law in driving at an unlawful speed at the intersection, under the statutes in force at the time of the accident, and that intestate took a chance and lost, and defendant's motion to nonsuit was properly granted.

2. **Automobiles C b—**

Under C. S., 2616, 2618, it is negligence *per se* to drive a car at a speed in excess of 15 miles per hour in traversing an intersecting highway when the driver's view is obstructed one hundred feet therefrom, and the amendment, ch. 3, Public Laws of 1935, reducing the distance from one hundred feet to fifty feet has no retroactive effect.

3. **Negligence D c—**

Where plaintiff's own evidence establishes contributory negligence as a matter of law, defendant may take advantage of same by motion to nonsuit.

APPEAL by plaintiffs from *Phillips, J.,* at December Term, 1935, of YADKIN. Affirmed.

This is an action for actionable negligence, brought by the plaintiffs, administrators of George Hinshaw, deceased, against defendant for killing their intestate. The defendant set up the plea of contributory negligence. At the close of plaintiffs' evidence in the court below, the defendant made a motion for judgment as in case of nonsuit. C. S., 567. The court below sustained the motion. The plaintiffs excepted, assigned error, and appealed to the Supreme Court.

*David L. Kelly and Grant & Grant for plaintiffs.*
*Hutchins & Parker for defendant.*

PER CURIAM. We think the court below properly sustained the motion by the defendant for judgment of nonsuit.

The plaintiffs' evidence tended to show that the collision occurred on Highway No. 60, between Winston-Salem and Yadkinville about three miles west of Winston-Salem. Polo Road is a county road running practically north and south, and State Highway No. 60 is a concrete road running practically east and west at the point where the two roads intersect. On 20 November, 1934, plaintiffs' intestate was driving a Chevrolet coupe along Highway No. 60 in a westerly direction, and his car was struck by the automobile driven by the defendant while entering said intersection from the north side of said Highway No. 60. Defendant, at the time, was driving her car along Polo Road in a southerly direction. That defendant brought her car to a stop on the north side of said intersection, about two or three feet from the edge of the concrete pavement, which was eighteen feet wide, the shoulders six feet on either side, on Highway No. 60, and waited for about six automobiles to pass; that at said point Highway No. 60 was straight and there was nothing to obstruct her view, from where her car was standing (two or three feet from the edge of the concrete on Highway No. 60), of the car driven by plaintiffs' intestate in a westerly direction, for a distance of 141

steps; that said intestate was sounding his horn, signifying his approach to said intersection, defendant's car struck the car of said intestate on the right side where the fender joins the running board, and at that time the car of intestate was near the center of the road; that said intestate was driving about 40 or 45 miles per hour; that there was another car going in an easterly direction along Highway No. 60, meeting intestate's car, and about the same distance from the intersection, as intestate's car, just before the collision. Plaintiffs' intestate's car turned on two wheels, showed skid marks for 60 to 70 feet, hit a telephone post and ditch bank, and came to a stop about sixty or seventy feet from the point of impact, almost completely demolished, and plaintiffs' intestate was thrown out and killed. Plaintiffs' intestate could have seen the defendant for 141 steps before he reached the intersection.

Conceding, but not deciding, that defendant was guilty of negligence, on all the evidence we think plaintiffs' intestate was guilty of contributory negligence.

Section 2621 (46)—"Speed Restrictions: (a) No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions then existing. (b) Where no special hazard exists the following speeds shall be lawful, but any speed in excess of said limits shall be *prima facie* evidence that the speed is not reasonable or prudent and that it is unlawful: 1. Twenty miles per hour in any business district; 2. Twenty-five miles per hour in any residence district; 3. Thirty-five miles per hour for motor vehicles designed, equipped for, or engaged in transporting property; and thirty miles per hour for such motor vehicle to which a trailer is attached; 4. Forty-five miles per hour under other conditions. (c) The fact that the speed of a vehicle is lower than the foregoing *prima facie* limits shall not relieve the driver from the duty to decrease speed when approaching and crossing an intersection, when approaching and going around a curve, when approaching a hill crest, when traveling upon any narrow or winding roadway, or when special hazard exists with respect to pedestrians or other traffic or by reason of weather or highway conditions, and speed shall be decreased as may be necessary to avoid colliding with any person, vehicle, or other conveyance or on entering the highway in compliance with legal requirements, and the duty of all persons to use due care," etc. Laws 1935, ch. 3, sec. 2.

Under sections 2616 and 2618, it is negligence *per se* for one to drive his automobile more than fifteen miles per hour in traversing an intersection of highways when the driver's view is obstructed for one hundred feet therefrom, and damages may be recovered for its violation when the proximate cause of the injury. The amendment by this section, reducing the distance from 100 feet to 50 feet, has no retroactive effect. *Goss v.*

*Williams,* 196 N. C., 213. The present case was prior to the 1935 amendment above set forth.

The plaintiffs' intestate, running 40 to 45 miles per hour, saw, or by the use of due care, could have seen defendant's car entering the Highway No. 60, for 141 steps, but did not slow down, as required by the statute then in force, but at a high rate of speed continued his course and the side of his car, when passing the intersection, was struck by defendant's car. He blew his horn, but continued his speed without slowing down. He took chances and lost his life. We think on all the evidence he was guilty of contributory negligence and no recovery can be had.

Defendant may, on motion to nonsuit, take advantage of contributory negligence established by plaintiffs' evidence. Motion for nonsuit allowed where plaintiffs' evidence establishes contributory negligence. *Davis v. Piedmont & N. Ry. Co.,* 187 N. C., 147; *Boswell v. Whitehead Hosiery Mills,* 191 N. C., 549; *Elder v. Plaza Ry. Co.,* 194 N. C., 617; *Davis v. Jeffreys,* 197 N. C., 712.

We see no evidence as to the doctrine of last clear chance.

The judgment of the court below is

Affirmed.