FRED DONLOP v. GROVER EUGENE SNYDER.

(Filed 12 December, 1951.)

1. **Negligence §§ 19b (1), 19c: Trial § 22a—**
   On motions to nonsuit on the ground of lack of sufficient evidence of negligence and on the ground that plaintiff's evidence establishes contributory negligence as a matter of law, the evidence must be considered in the light most favorable to plaintiff, giving him the benefit of every reasonable intendment and legitimate inference fairly deducible therefrom.

2. **Trial § 22b—**
   In determining motions to nonsuit, defendant's evidence must be ignored in so far as it is in conflict with that of plaintiff, but may be considered in so far as it is favorable to plaintiff or tends to clarify or explain plaintiff's evidence.

3. **Negligence § 19c—**
   Nonsuit on the ground of contributory negligence may be allowed only when plaintiff's own evidence establishes contributory negligence so clearly that no other reasonable inference is deducible therefrom.

4. **Automobiles §§ 8i, 18h (2)—Evidence tending to show that plaintiff was first in intersection held for jury on issue of negligence.**
   Plaintiff's evidence to the effect that before entering an intersection he stopped and looked in both directions and, seeing no vehicle approaching, entered upon the intersection, and that the front part of his car had cleared the intersection when defendant's car, approaching from plaintiff's right, struck the right rear of plaintiff's car, *is held* sufficient to be submitted to the jury on the issue of defendant's negligence, since it supports the inference that plaintiff was first in the intersection and that defendant negligently failed to yield the right of way as required by G.S. 20-155 (b).

5. **Automobiles §§ 8i, 18h (3)—That defendant's car approached inter-section from plaintiff's right at approximately same time held not sole reasonable inference from evidence.**

Plaintiff's evidence tended to show that on a rainy, foggy night he stopped before entering an intersection, and, seeing no vehicle approaching from either direction, entered upon the intersection and, after the front part of his car had cleared the intersection and while he was still traveling slowly in second gear, was struck by defendant's car which approached the intersection from plaintiff's right. There was evidence that plaintiff's view of the street in the direction from which defendant approached was unobstructed for some 400 feet, and the evidence further showed that plaintiff's car was hit with such force as to knock it beyond the curb, where it snapped off a fire hydrant, broke off a fourteen inch telephone pole, and struck a tree with such force as to crush the car in ten inches. Plaintiff also introduced testimony of a declaration of defendant that he saw plaintiff in the intersection but was traveling too fast to stop. *Held:* That defendant's car was at a point relatively remote when plaintiff entered the intersection is an inference equally logical as the inference that the two cars approached the intersection at approximately the same time, G.S. 20-155 (a), and therefore nonsuit on the ground of contributory negligence was properly denied.

6. **Trial § 22c—**

Contradictions and discrepancies, even in plaintiff's evidence, are for the jury and not the court.

7. **Negligence § 19c—**

Nonsuit for contributory negligence may not be allowed even if a phase of plaintiff's own evidence tends to establish this defense as a reasonable inference, when such evidence, construed contextually with plaintiff's other evidence, supports the opposite conclusion with equal logic.

APPEAL by defendant from *Sharp, Special Judge,* and a jury, at May Civil Term, 1951, of DAVIDSON.

Civil action to recover for personal injuries and property damage resulting from a collision of two automobiles in a street intersection due to the alleged negligence of the defendant.

The record discloses these background facts: The collision occurred about midnight, 23 October, 1950, at the intersection of West Third and North State Streets, which is within a residential district of the city of Lexington, North Carolina. The electric traffic signal device over the center of the intersection had been cut off. The plaintiff was driving his Chevrolet coach westwardly on West Third Street, which is about 24 feet wide. The defendant was driving his Oldsmobile southwardly on North State Street (width not shown). There was no stop sign on the side of either street approach to the intersection. A slow rain was falling, the streets were wet, "and it was foggy."

The plaintiff testified that as he approached the intersection his brakes "and lights were all right," and his "windshield wiper was working."

He then gave this narrative of how the wreck occurred: "Before starting across the intersection I pulled up and stopped about 5 feet from the intersection. When I stopped I looked both ways up and down the street. I did not see anybody coming on State Street, North or South. After looking in both directions, I pulled on and was going in second gear at the time I was hit. At the time I was hit the front of my car was across State and Third Streets" (out of the intersection). The plaintiff also stated: "When I came up and stopped, I could see about a block up North State Street,"—the direction from whence the defendant was coming. The plaintiff was knocked unconscious. The evidence discloses that the points of impact on the two cars were as follows: the front part of the defendant's car struck the plaintiff's car "just back of the right door."

Police Officer Parker testified that from a point 5 feet from the intersection "you could see approximately 400 feet North on North State Street." On cross-examination, he testified, "I never measured the blocks. They are approximately 400 feet, but I could see a block." However, the record reveals that the testimony of Officer Parker as to sight distances was based on estimates made on the premises the day of the trial, during a break in his testimony, and in response to request of counsel.

The plaintiff's evidence further discloses that his car was knocked beyond the curb, where it snapped off a fire hydrant, broke off a 14-inch telephone pole, and ended up against a tree with such force the left side of the plaintiff's car was crushed in 10 inches and "demolished." The plaintiff testified that the defendant later came to see him at the hospital and that the defendant said "he saw me in the intersection but was coming so fast he could not stop."

Issues of negligence, contributory negligence, and damages were submitted to the jury and answered in favor of the plaintiff.

From judgment on the verdict awarding the plaintiff damages, the defendant appeals, assigning errors.

*Philip R. Craver and Stoner & Wilson for plaintiff, appellee.*
*Don A. Walser for defendant, appellant.*

JOHNSON, J. The only exceptions brought forward on this appeal relate to the refusal of the trial court to allow the defendant's motion for nonsuit made at the conclusion of the plaintiff's evidence and renewed at the close of all the evidence.

The defendant contends the motion for nonsuit should have been allowed for the reasons (1) that the evidence fails to make out a *prima facie* case of actionable negligence against the defendant, but (2) if so, that the plaintiff's evidence establishes contributory negligence as a matter of law.

In determining the questions thus presented the rule is that the evidence must be considered in its light most favorable to the plaintiff "and he is entitled to every reasonable intendment and legitimate inference fairly deducible therefrom." *Brafford v. Cook,* 232 N.C. 699, 62 S.E. 2d 327. See also *Fowler v. Atlantic Company, Inc., ante,* 542; *Ervin v. Mills Co.,* 233 N.C. 415, 64 S.E. 2d 431.

And where, as here, the motion for judgment of nonsuit is renewed at the close of all the evidence, the court may consider "so much of the defendant's evidence as is favorable to the plaintiff or tends to clarify or explain evidence offered by the plaintiff not inconsistent therewith; but it must ignore that which tends to establish another and different state of facts or which tends to contradict or impeach the testimony presented by the plaintiff." *Bundy v. Powell,* 229 N.C. 707, p. 711, 51 S.E. 2d 307. See also *Howard v. Bell,* 232 N.C. 611, 62 S.E. 2d 323.

Contributory negligence is an affirmative defense which must be pleaded and proved. G.S. 1-139. However, the defendant may take advantage of such plea on motion for nonsuit "when the facts necessary to show contributory negligence are established by the plaintiff's own evidence." *Bundy v. Powell, supra.* But, it will not do for the court to rely on any part of the evidence offered by the defendant. *Bundy v. Powell, supra; Beck v. Hooks,* 218 N.C. 105, p. 112, 10 S.E. 2d 608; *Lunsford v. Manufacturing Co.,* 196 N.C. 510, 146 S.E. 129.

And it is firmly established by the decisions of this Court that a motion for nonsuit on the ground of contributory negligence shown by the plaintiff's evidence will be allowed only when the evidence is so clear that no other reasonable inference is deducible therefrom. *Bundy v. Powell, supra; Fowler v. Atlantic Company, Inc., supra.*

An examination of the evidence in the light of these principles of law impels the conclusion that the plaintiff made out a *prima facie* case of actionable negligence, free of facts and circumstances shown by his own evidence entitling the defendant to judgment of nonsuit on the ground of contributory negligence.

This conclusion is supported by the evidence showing these factors: (1) that the night was rainy and foggy, indicating limited visibility; (2) that the plaintiff, after stopping and looking, moved slowly through the intersection in second gear, and was hit from the right side as the front part of his car was emerging from the far side of the intersection; (3) the defendant's admission that he saw the plaintiff "in the intersection but . . . was coming so fast he could not stop"; and (4) the evidence as to the position and condition of the plaintiff's car after the wreck, showing it was practically demolished,—knocked sideways beyond the curb and embedded in a tree, after breaking off a fire hydrant and a 14-inch telephone pole.

This evidence supports the inference that the plaintiff was first in the intersection and that defendant negligently failed to yield the right of way to him as required by G.S. 20-155 (b), as amended. This statute provides that "The driver of a vehicle approaching but not having entered an intersection . . . shall yield the right-of-way to a vehicle already within such intersection . . ." See *Kennedy v. Smith,* 226 N.C. 514, 39 S.E. 2d 380; *Crone v. Fisher,* 223 N.C. 635, 27 S.E. 2d 642; *Yellow Cab Co. v. Sanders,* 223 N.C. 626, 27 S.E. 2d 631; *Piner v. Richter,* 202 N.C. 573, 163 S.E. 561. See also *S. v. Hill,* 233 N.C. 61, 62 S.E. 2d 532, where *Ervin, J.,* succinctly states and explains the rules governing the rights and duties of motorists approaching and entering highway and street intersections.

The defendant urges that the plaintiff proved himself out of court on the theory of contributory negligence when he offered evidence tending to show that from a point 5 feet from the intersection, where he stopped before entering, he could see up the side street "almost a block" in the direction from which the defendant was approaching, and that he looked up the street but saw no car coming. From this, the defendant insists it is inferable that the plaintiff failed to see the obvious and is chargeable with contributory negligence as a matter of law for failure to observe the defendant's approach and yield the right of way to him, under the provisions of G.S. 20-155 (a), which direct that "when two vehicles approach or enter an intersection . . . at approximately the same time, the driver of the vehicle on the left shall yield the right-of-way to the vehicle on the right . . ."

Here, the defendant's argument seems to be grounded on the assumption that this evidence conclusively shows the two cars approached the intersection at approximately the same time. Such does not appear. The evidence does not give the defendant's car any fixed location. The plaintiff said he looked and did not see the defendant's car. It is simply negative evidence. While this testimony may support the inference that the two cars approached the intersection "at approximately the same time," with equal logic it supports the inference that the defendant's car was at a point relatively remote from the intersection when the plaintiff looked. He said he could see up the street about a block. That the defendant was some considerable distance up the street when the plaintiff said he stopped and looked is supported by the physical evidence at the scene of the wreck tending to show that the defendant was driving at a high rate of speed; whereas the plaintiff said he moved through the intersection in second gear and was hit as he was emerging on the far side.

True, this phase of plaintiff's evidence tends to contradict other aspects of his evidence, particularly the testimony as to the defendant's admission that the plaintiff was first in the intersection,—that defendant said he saw

plaintiff in the intersection "but was coming so fast he could not stop." But, it is the rule in such cases that "discrepancies and contradictions, even in plaintiff's evidence, are for the twelve and not for the court." *Brafford v. Cook, supra* (232 N.C. 699, p. 701). See also *Maddox v. Brown,* 233 N.C. 519, 64 S.E. 2d 864, and cases cited.

A single phase of the plaintiff's evidence tending to weaken or contradict other aspects of his evidence and tending to show negligence on his part may not be lifted out of context and construed so as to warrant sustaining a motion for nonsuit on the ground of contributory negligence when on the rest of the evidence, or upon a contextual interpretation of the whole of it, in the light most favorable to the plaintiff, the opposite inference that the plaintiff was free of contributory negligence is reasonably deducible therefrom. A motion for nonsuit on the ground of contributory negligence may be sustained when, and only when, no other reasonable inference is deducible from the plaintiff's evidence. *Fowler v. Atlantic Co., Inc., supra* (*ante,* 542); *Maddox v. Brown,* 232 N.C. 244, p. 249, 59 S.E. 2d 791; *Gladden v. Setzer,* 230 N.C. 269, 52 S.E. 2d 804; *Thomas v. Motor Lines,* 230 N.C. 122, 52 S.E. 2d 377; *Bundy v. Powell, supra* (229 N.C. 707).

The question of whether it was shown that the defendant's car was without headlights as alleged by the plaintiff, treated in the briefs and debated on the argument, does not seem to be of controlling importance one way or the other.

The plaintiff's evidence being susceptible of dual inferences on both the issue of negligence and that of contributory negligence, the case was properly submitted to the jury. The jury resolved the conflicting inferences in favor of the plaintiff in a trial in which we find

No error.