R. B. McROY & COMPANY, INC., v. ATLANTIC COAST LINE RAILROAD COMPANY, INC.

(Filed 12 December, 1951.)

**Railroads § 4—**

> Plaintiff's evidence *held* to show, as a matter of law, contributory negligence constituting a proximate cause of the crossing accident in suit.

APPEAL by plaintiff from *Burney, J.,* February Term, 1951, of COLUMBUS.

Civil action to recover for property damage caused by a truck-train collision at a grade crossing.

At the close of the plaintiff's evidence, the defendant moved for judgment of nonsuit. The motion was allowed, and from judgment based on such ruling the plaintiff appealed, assigning errors.

*Irvin B. Tucker, Jr., for plaintiff, appellant.*

*Poisson, Campbell & Marshall and E. K. Proctor for defendant, appellee.*

PER CURIAM. This case involves no new question or feature requiring extended discussion. The evidence offered by the plaintiff, when tested by settled principles of law, fails to make out a case for the jury. The collision occurred in broad daylight at the grade crossing on Lee Street in the business district of the town of Whiteville. The record discloses that the truck driver "was thoroughly familiar with the crossing." He said he had "crossed it many times." Also, just prior to the collision the driver had made a stop up the tracks about 100 yards from the crossing. Thereafter he drove westerly along a street parallel with and on the south side of the tracks intending to make a right turn at Lee Street and then cross the tracks. While so driving side of the tracks, he knew the train was in town just beyond the crossing. He said, "I heard it. I knew it was stopped there just west of the . . . station . . . I could have seen it if I had looked for it. When I stopped . . . I had a view down the track of almost 120 feet," beyond the box car which plaintiff urges was an obstruction. The train was traveling only about 6 miles per hour. The only reasonable inference deducible from this evidence is that the plaintiff's driver was contributorily negligent.

The plaintiff was not prejudiced by the exclusion of that part of the town ordinance making it unlawful "for any train to do any shifting across said streets (Lee Street included) without having first placed a watchman on crossings to direct traffic." Besides, the record discloses no evidence that the train was engaged in a shifting operation.

It follows that the judgment of nonsuit was properly entered below. Affirmed.