W. C. MORRISETTE v. THE A. G. BOONE COMPANY, THE GREAT ATLANTIC & PACIFIC TEA COMPANY AND VANCE WOODS.

(Filed 27 February, 1952.)

**1. Negligence § 19c—**

Nonsuit on the ground of contributory negligence is proper only when the plaintiff's own evidence, considered in the light most favorable to him, establishes contributory negligence as the only reasonable conclusion deducible therefrom.

**2. Automobiles § 8i—**

A driver on a servient highway before entering upon an intersection with a dominant highway is under duty to exercise due care to see that such movement can be made in safety, and it is not sufficient for him to stop and look at a point too distant from the intersection to see oncoming traffic if from a nearer point before entering the intersection he can see whether traffic is approaching along the dominant highway, since his looking must be timely so that his precaution may be effective. G.S. 20-158.

**3. Same: *Automobiles § 18h (3)*—**

Plaintiff's own evidence tended to show that he was traveling along the servient highway, stopped at the stop-sign some thirty feet from the intersection and looked in both directions without seeing a vehicle approaching or hearing any warning, and then drove upon the intersection at the rate of ten or twelve miles per hour without again looking to either side, and struck the side of defendant's trailer-truck, which approached the intersection from plaintiff's right along the dominant highway. *Held:* Plaintiff's evidence discloses contributory negligence barring recovery as a matter of law.

APPEAL by plaintiff from *Sharp, Special Judge,* October Term, 1951, of PASQUOTANK. Affirmed.

This was an action to recover damages for injury to person and property growing out of a collision between plaintiff's automobile and the motor truck of defendant Boone Company at an intersection of highways. Plaintiff alleged negligence on the part of the defendants. The defend-

ants denied the allegations of negligence and pleaded the contributory negligence of the plaintiff.

At the close of all the evidence defendants' renewed motion for nonsuit was allowed, and from judgment dismissing the action plaintiff appealed.

*Wayland P. Britton and John H. Hall for plaintiff, appellant.*
*McMullan & Aydlett for defendants, appellees.*

DEVIN, C. J.   The judgment of nonsuit as to the defendant Atlantic & Pacific Tea Co. was not challenged, but plaintiff assigns error in the ruling of the court below in allowing the motion to nonsuit as to defendant Boone Company and its driver, defendant Woods.   The material facts were these:

On 10 July, 1950, about 3:30 p.m. plaintiff was driving his automobile in a westward direction on Highway 264.   A slight rain was falling. Approaching the intersection with North-South Highway 59, plaintiff observed the highway stop-sign and stopped his automobile opposite the sign 30 feet from the intersection.   After looking in both directions along Highway 59 and seeing no vehicle approaching and hearing no signal, he drove into the intersection and had reached the center of the intersection when a car or truck, which he afterward learned was the trailer-truck of defendant Boone Company, traveling south on 59 suddenly appeared in front of him, and his automobile struck the side of the trailer about midway, resulting in the injuries complained of.   Plaintiff testified he drove from his stopped position at the rate of 10 or 12 miles per hour and had driven 30 or 35 feet when the collision took place in the intersection just over the center line; that he did not see the truck before he ran into it. Both highways are paved and practically level, the paved surface of Highway 59 being 21 feet wide, with shoulders 6 to 8 feet wide.   Looking north from the intersection Highway 59 is straight.   From the stop-sign plaintiff had an unobscured vision to his right of 200 to 250 feet.   He testified that after looking to right and left, up and down Highway 59, he did not look again after starting into the intersection but looked only in the direction he was traveling.

Defendants' evidence was sharply contradictory.   It tended to show that the truck was being driven at the rate of 30 miles per hour, that the stop-sign was 50 feet east of the intersection, and that from that point there was an unobstructed view north along Highway 59 of a mile or more, and that plaintiff drove his automobile into the intersection at the rate of 45 or 50 miles per hour without slowing or stopping.

As there were inferences reasonably deducible from plaintiff's evidence indicating negligence on the part of defendant Boone Company and its driver, proximately causing the injuries complained of, the propriety of

the judgment of involuntary nonsuit must depend on whether the evidence offered by plaintiff established such contributory negligence on his part as to justify the ruling of the court below on that ground.

In determining this question we are governed by the rule that the plaintiff's evidence must be considered in the light most favorable for him, and that a judgment of nonsuit on the ground of contributory negligence may be rendered only when a single inference leading to that conclusion can reasonably be drawn from the evidence. *Donlop v. Snyder,* 234 N.C. 627, 68 S.E. 2d 316; *Ervin v. Mills Co.,* 233 N.C. 415, 64 S.E. 2d 431; *Brafford v. Cook,* 232 N.C. 699, 62 S.E. 2d 327; *Graham v. Gas Co.,* 231 N.C. 680, 58 S.E. 2d 757; *Bundy v. Powell,* 229 N.C. 707, 51 S.E. 2d 307; *Barlow v. Bus Lines,* 229 N.C. 382, 49 S.E. 2d 793; *Hampton v. Hawkins,* 219 N.C. 205, 13 S.E. 2d 227; *Diamond v. Service Stores,* 211 N.C. 632, 191 S.E. 358.

Under the circumstances described by the plaintiff, it was his duty before starting from his position on a subservient highway into a dominant highway to exercise due care to see that such movement could be made in safety. G.S. 20-154; *Matheny v. Motor Lines,* 233 N.C. 673, 65 S.E. 2d 361; *S. v. Hill,* 233 N.C. 61, 62 S.E. 2d 532; *Cab Co. v. Sanders,* 223 N.C. 626, 27 S.E. 2d 631; *Reeves v. Staley,* 220 N.C. 573, 18 S.E. 2d 239. "The purpose of highway stop-signs is to enable the driver of a motor vehicle to have opportunity to observe the traffic conditions on the highways and to determine when in the exercise of due care he might enter upon the intersecting highway with reasonable assurance of safety to himself and others." *Matheny v. Motor Lines, supra; S. v. Satterfield,* 198 N.C. 682, 153 S.E. 155.

The only evidence offered by the plaintiff as to the circumstances of the collision was his own testimony. He said: "I stopped abreast of the stop-sign, and I was about 30 feet from the intersection. . . . From the point where I stopped by the stop-sign you could see approximately 250 feet up the highway to the north. After I looked to the right and left up and down Highway 59 I did not look to the right or left any more after I started into the intersection. . . . I just stopped and looked and went ahead." Was the plaintiff exercising reasonable prudence in driving for a distance of 30 or 35 feet toward and into a dominant highway without again looking, after once looking at the time he stopped, to see if a vehicle was approaching along the road he intended to cross? If by again looking he could have seen the truck in time to have stopped before striking it, the obligation of due care for his own safety required that he do so. According to his testimony he never saw the truck at all but violently collided with an object which he learned afterwards was defendant's truck. *Powers v. Sternberg,* 213 N.C. 41, 195 S.E. 88. This was in the midafternoon of a summer day. The light rain was insufficient to obscure

his vision. According to the evidence the truck and trailer were 42 feet long, and the trailer 11 or 12 feet high. It was plaintiff's duty to look and see what was in plain sight. It is not sufficient for the driver of a motor vehicle on approaching an intersection of highways to content himself with looking once from a point whence he cannot see oncoming traffic, if from a nearer point before entering the intersection another look would reveal the danger of collision. His looking must be timely so that his precaution may be effective. *Godwin v. R. R.,* 220 N.C. 281, 17 S.E. 2d 137; *McRoy & Co. v. R. R.,* 234 N.C. 672, 68 S.E. 2d 405. In *Parker v. R. R.,* 232 N.C. 472, 61 S.E. 2d 370, the plaintiff looked for the train and did not see it, but did not look at a nearer point from which he could have seen it in time to have stopped and avoided injury. In holding plaintiff barred by his contributory negligence *Justice Barnhill,* speaking for the Court, said: ". . . the plaintiff having looked one time, looked no more."

A careful examination of plaintiff's testimony leads to the conclusion that in driving into the highway he failed to look at a time when by looking he could have seen defendant's truck in time to have stopped and avoided the collision. *Harrison v. R. R.,* 194 N.C. 656, 140 S.E. 598; *Bailey v. R. R.,* 223 N.C. 244, 25 S.E. 2d 833; *Carruthers v. R. R.,* 232 N.C. 183, 59 S.E. 2d 782; *Matheny v. Motor Lines, supra; Bergendahl v. Rabeler,* 133 Neb. 699; *Hittle v. Jones,* 217 Iowa 598. Unquestionably the truck was moving on the dominant highway toward the intersection. The plaintiff by looking, after he had moved up to or had entered into Highway 59, could and should have seen so large an object as defendant's truck approaching, and, as plaintiff was moving at a speed of 10 miles per hour, undoubtedly he could then have stopped before he crossed the center line of the highway and struck the truck. His failure to look when by looking he could have seen and avoided injury must be held to bar his recovery therefor.

We conclude that the ruling of the court below allowing the motion to nonsuit must be upheld and judgment

Affirmed.