EARLE B. EDWARDS AND A. B. WEST, SR., TRADING AS HIGHLAND SUP-
PLY COMPANY v. A. D. VAUGHN, GUARDIAN AD LITEM OF WELDON
VAUGHN,

and

CARL C. MIMS v. A. D. VAUGHN, GUARDIAN AD LITEM OF WELDON
VAUGHN.

(Filed 12 June, 1953.)

**1. Trial § 22a—**

On motion to nonsuit, plaintiffs are entitled to have their evidence con-
sidered in the light most favorable to them and to the benefit of every
reasonable inference to be drawn therefrom.

**2. Negligence § 19c—**

When plaintiffs' own evidence establishes contributory negligence so
clearly that no other conclusion may reasonably be drawn therefrom,
nonsuit is proper.

**3. Automobiles § 18h (3)—Evidence held to show contributory negligence
in entering intersection with dominant highway without yielding right
of way.**

Plaintiffs' evidence tended to show that plaintiff driver stopped at a
stop sign on a servient highway some 37 feet from the intersection with a
dominant highway, that at this point he could see 150 feet to his left, and
that he proceeded across the intersection at a speed of 12 miles an hour
without again stopping, notwithstanding that before reaching the inter-
section he saw the car driven by defendant approaching along the domi-
nant highway from his left. Plaintiffs' evidence further tended to show
that at one point before entering the intersection plaintiff driver could
have seen a distance of three-tenths of a mile to his left. *Held:* Plaintiffs'
own evidence discloses contributory negligence as a matter of law on the
part of plaintiff driver.

**4. Automobiles § 8i—**

Stop signs along a servient highway at an intersection with a dominant
highway are placed for the purpose of giving drivers along the servient
highway timely notice of the duty to stop before entering the intersection,
but do not indicate that a motorist should stop at the sign, it being the
duty of a motorist to stop at a place before entering the intersection from
which his act of looking can be effective. G.S. 20-158.

APPEAL by plaintiffs Earle B. Edwards and A. B. West, Sr., trading
as Highland Supply Company, and by defendant (in both cases), from
*Burgwyn, Special Judge,* December Term, 1952, of CUMBERLAND.

These were civil actions instituted in Cumberland County, North
Carolina, for damages sustained to person and property as a result of a
motor vehicle collision which occurred on 10 January, 1952, about 3:00
p.m. at a point in Harnett County known as Bailey's Crossroads. The
actions were consolidated for the purpose of trial.

The evidence reveals this factual situation with respect to the intersection involved. Two asphalt highways intersect at approximately right angles. The plaintiff Mims was operating a pickup truck owned by the plaintiffs Edwards and West, trading as Highland Supply Company, eastwardly over the highway leading from Coats to Benson. The defendant Vaughn was operating his Chevrolet automobile in a southerly direction on the highway leading from Hardy's Crossroads to Dunn. The road on which plaintiff Mims was operating the truck was a servient highway and on which there was a stop sign located 37 feet west of the western edge of the intersecting dominant highway.

The plaintiff Mims testified, "The weather was fair. As I approached the intersection, I observed on my right, along the highway, a stop sign and on my left a cotton gin. I stopped about 15 feet from the intersection. I looked to my left and then to my right and pushed the car into second gear and pulled out slowly, cautiously, and as I traveled on going from 12 to 15 miles an hour and as the front of my truck crossed the intersection, I saw a Chevrolet approaching from my left. I had not seen that vehicle until actually the front of my truck was started into the intersection. . . . I could not tell how fast it was coming. In my opinion, the speed of the approaching automobile was in excess of 80 miles an hour. I did not hear any noise the approaching car was making until its brakes were applied. I first observed this car when it was about 50 yards away from me and I heard the brakes when it was about 30 yards away. . . . The car hit me behind the cab in the bed of the truck, the portion directly behind the cab. . . . I had crossed the middle of the intersection when I was struck."

On cross-examination, this witness testified, "I was a stranger to this intersection prior to this occurrence. I saw the stop sign and I stopped at it with the front of my truck parallel to the stop sign. It is my opinion that the stop sign was about 15 feet from the edge of the intersecting highway. At the stop sign I could see by the gin down the intersecting highway to my left about 150 feet. After I stopped at the stop sign, I did not stop again before entering the highway, but went straight on in the (intersecting) highway at the rate of about 12 miles an hour. . . . I saw this man (Vaughn) and I thought I could get on through the intersection. . . . The first time I saw Vaughn's automobile, I could see well on down the road at that point. I (had not entered) the intersection when I first saw it, but I still continued into it. . . . I looked at Vaughn's automobile when I saw it. I turned my head, looked back in front, and looked again; the gap was closer between us, considerably. That is the only basis on which I could say he was going 80 miles an hour. . . . I was leaving the intersection when he hit me, that is the cab of the truck had passed over the center of the highway. . . . The front end of the

truck had not gone completely out of the intersection. The truck is about 16 feet, . . . I know that I myself in the cab was over the center of the highway, but part of the truck was back over on Vaughn's right side of the highway. I knew prior to the time that I was actually in the intersection that Vaughn's car was coming from my left down the highway toward the intersection."

The plaintiffs offered other witnesses who testified that when a car was stopped at the stop sign referred to by the plaintiff Mims, the driver could see the intersecting highway to the left for a distance of more than 250 feet and that the distance increased the nearer the car approached the intersection; that before you got to the intersection you could see in the direction from which the Vaughn car was coming, a distance of three-tenths of a mile. The plaintiffs also offered evidence to the effect that the stop sign referred to by the witnesses has never been moved and that an actual measurement made by one of the plaintiffs' witnesses while the trial was in progress, revealed that it is located 37 feet from the intersecting highway; that Vaughn's car skidded approximately 60 feet before the impact and that at the point of impact, skid marks showed that his car veered slightly to the left. The truck was virtually demolished, and the plaintiff Mims seriously injured.

There is but little conflict between the evidence of the plaintiffs and that of the defendant except as to speed. The defendant testified that he was driving only 45 to 50 miles an hour at the time Mims pulled the truck into the intersection, too late for him to stop or slow down and avoid the collision.

In the case of Edwards and West, trading as Highland Supply Company, against the defendant, the issues of negligence and contributory negligence were answered in favor of the plaintiffs and the issue of damages was answered in the sum of $50.00. In the case of *Mims v. Vaughn,* the issues of negligence and contributory negligence were answered in favor of the plaintiff, and the jury awarded him the sum of $9,000 for his injuries. The defendant appealed in both cases, and plaintiffs Edwards and West also appealed, assigning error.

*Nance & Barrington for plaintiffs, appellants, Edwards and West.*
*Oates, Quillin & Russ for defendant, appellant.*
*Robert H. Dye and Nance & Barrington for plaintiff Mims, appellee.*

DENNY, J. The defendant assigns as error the refusal of the court below to sustain his motion for judgment as of nonsuit interposed, in both cases, at the close of the evidence for plaintiffs and renewed at the close of all the evidence.

We will consider this assignment of error first since, if it is sustained, it will not be necessary to consider the defendant's other assignments of error, or those relied upon by Edwards and West on their appeal.

The plaintiffs here, as in all cases where a motion for judgment as of nonsuit is interposed, are entitled to have their evidence considered in the light most favorable to them and to the benefit of every reasonable inference to be drawn therefrom. *Morrisette v. Boone Co.,* 235 N.C. 162, 69 S.E. 2d 239; *Ervin v. Mills Co.,* 233 N.C. 415, 64 S.E. 2d 431; *Chambers v. Allen,* 233 N.C. 195, 63 S.E. 2d 212; *Bundy v. Powell,* 229 N.C. 707, 51 S.E. 2d 307. However, when the defendant, as in this case, pleads contributory negligence, and the plaintiffs' evidence establishes such negligence so clearly that no other conclusion may be reasonably drawn therefrom, the defendant is entitled to have his motion for judgment as of nonsuit sustained. *Morrisette v. Boone Co., supra; Donlop v. Snyder,* 234 N.C. 627, 68 S.E. 2d 316; *Matheny v. Motor Lines,* 233 N.C. 673, 65 S.E. 2d 361; *Carruthers v. R. R.,* 232 N.C. 183, 59 S.E. 2d 782; *Levy v. Aluminum Co.,* 232 N.C. 158, 59 S.E. 2d 632; *Dawson v. Transportation Co.,* 230 N.C. 36, 51 S.E. 2d 921; *Bundy v. Powell, supra; Hobbs v. Drewer,* 226 N.C. 146, 37 S.E. 2d 121; *Atkins v. Transportation Co.,* 224 N.C. 688, 32 S.E. 2d 209; *Beck v. Hooks,* 218 N.C. 105, 10 S.E. 2d 608.

The plaintiff Mims, driver of the truck owned by plaintiffs Edwards and West, while operating the truck on the servient highway, stopped at a stop sign 37 feet from the intersecting highway. From the stop sign he had an unobscured vision, according to his own evidence, to his left of only 150 feet. Even so, his testimony is to the effect that he put the truck in second gear and proceeded into the intersection without stopping at a speed of about 12 miles an hour; that before entering the intersection he saw the defendant's car approaching on the dominant highway at a point only 150 feet from the intersection, traveling at a speed of 80 miles an hour. Moreover, according to plaintiffs' evidence, the plaintiff Mims could have seen the highway in the direction from which the defendant's car came, if he had looked, for a distance of three-tenths of a mile after he left the stop sign and before entering the intersection. In fact, the plaintiff Mims testified, "The first time I saw Vaughn's automobile, I could see well down the road at that point."

It is clear that the plaintiff Mims, in view of the conditions and circumstances related by him and corroborated by his witnesses, entered the intersection without exercising reasonable care for his own safety or the safety of others; and his negligence in so doing was a proximate cause, if not the proximate cause, of the injuries and damages resulting from the collision. *Harrison v. R. R.,* 194 N.C. 656, 140 S.E. 598. If it be conceded that the defendant was negligent in driving his automobile at

an excessive rate of speed, we hold that the plaintiffs' evidence establishes contributory negligence on the part of the plaintiff Mims as a matter of law. He had ample time to see the approaching car in time to stop and avoid the collision. The conclusion we have reached is supported by our decisions. *Morrisette v. Boone Co., supra; Matheny v. Motor Lines, supra; S. v. Hill,* 233 N.C. 61, 62 S.E. 2d 532; *Parker v. R. R.,* 232 N.C. 472, 61 S.E. 2d 370; *Cox v. Lee,* 230 N.C. 155, 52 S.E. 2d 355; *Wall v. Bain,* 222 N.C. 375, 23 S.E. 2d 330; *Reeves v. Staley,* 220 N.C. 573, 18 S.E. 2d 239; *Godwin v. R. R.,* 220 N.C. 281, 17 S.E. 2d 137.

In *Morrisette v. Boone Co., supra, Devin, C. J.,* said: "It is not sufficient for the driver of a motor vehicle on approaching an intersection of highways to content himself with looking once from a point whence he cannot see oncoming traffic, if from a nearer point before entering the intersection another look would reveal the danger of collision. His looking must be timely so that his precaution may be effective."

Likewise, *Barnhill, J.,* said in *Parker v. R. R., supra:* "It does not suffice to say that the plaintiff stopped, looked, and listened. His looking and listening must be timely . . . so that his precaution will be effective."

The purpose of a stop sign at the intersection of highways is to warn the driver of a motor vehicle that he is approaching a zone of danger and to require him to observe the traffic conditions on the highways and to determine when, in the exercise of due care, he may enter the intersecting highway with reasonable safety to himself and others. G.S. 20-158; *Matheny v. Motor Lines, supra; S. v. Satterfield,* 198 N.C. 682, 153 S.E. 155. The purpose to be served by placing a stop sign some distance from the intersection of a servient and dominant highway, is to give the motorist ample time to slow down and stop before entering the zone of danger. And when the driver of a motor vehicle stops at a stop sign on a servient highway and then proceeds into the intersection without keeping a lookout and ascertaining whether he can enter or cross the intersecting highway with reasonable safety, he ignores the intent and purpose of the statute, G.S. 20-158. It is the duty of the driver of a motor vehicle on such servient highway to stop at such time and place as the physical conditions may require in order for him to observe traffic conditions on the highways and to determine when, in the exercise of due care, he may enter or cross the intersecting highway with reasonable safety. In many places, stop signs due to the surrounding physical conditions are located at points from which the driver of a motor vehicle cannot get an unobscured vision of the intersecting highway for a sufficient distance to ascertain whether it can be entered or crossed with reasonable safety. Even so, as pointed out above, this does not relieve a driver on a servient highway from the duty to look and observe traffic conditions on the dominant highway, and to make such observation, before entering or crossing the same,

as may be necessary to determine whether or not it would be reasonably safe to enter or cross such highway.

It is the duty of the driver of a motor vehicle not merely to look, but to keep a lookout in the direction of traffic, and he is held to the duty of seeing what he ought to have seen and could have seen if he had looked. *Wall v. Bain, supra.*

The court below committed error in refusing to sustain defendant's motion for judgment as of nonsuit.

Reversed.