MILTON C. BRADHAM v. McLEAN TRUCKING COMPANY, a CORPORATION, AND EVERETTE H. KALB.

(Filed 28 March, 1956.)

**1. Automobiles § 7—**

The presence of fog is a hazard requiring motorists to exercise increased caution.

**2. Automobiles § 8—**

The requirements of G.S. 20-154a that a motorist, before turning across traffic lanes, must first see that such movement can be made in safety and must give signal of his intention to make such movement, plainly visible to the operators of other vehicles which his movement may affect, are for safety upon the highway, and the violation of its provisions constitutes negligence or contributory negligence *per se*, as the case may be, if such violation is a proximate cause of the injury.

**3. Negligence § 19c—**

If plaintiff's evidence establishes contributory negligence so clearly that no other conclusion may be reasonably drawn therefrom, the defendant is entitled to have his motion for judgment of nonsuit sustained.

**4. Automobiles § 42h—**

Plaintiff's evidence tended to show that he was traveling east on a four-lane highway and was turning left into an intersection across two traffic lanes immediately after the stop signal at the intersection had turned green for traffic along the four-lane highway, and collided with defendant's truck, which was traveling west, and which he did not or could not see until it was 8 or 10 feet away because of fog. *Held:* Plaintiff's evidence discloses contributory negligence on his part as a matter of law.

**5. Trial § 21—**

Defendant's motion for judgment of nonsuit is equivalent to a voluntary nonsuit on its counterclaim.

APPEAL by plaintiff from *Clarkson, J.,* August 1955 "B" Civil Term, MECKLENBURG Superior Court.

Civil action instituted 4 August, 1954, in which the plaintiff sought to recover for personal·injury and for property damage on account of a collision between his automobile and a tractor-trailer truck of the corporate defendant operated by the individual defendant. The plaintiff alleges the truck driver was negligent and that his negligence proximately caused the injury and damage. The defendants filed separate answers denying negligence, and alleging contributory negligence on the part of the plaintiff. The corporate defendant set up a counterclaim for damage to the truck, alleging plaintiff's negligence was the proximate cause of such damage.

The defendants' motion for judgment of nonsuit, renewed at the conclusion of all the evidence, was allowed, and the plaintiff excepted and appealed.

*Richard M. Welling for plaintiff, appellant.*
*Kennedy, Kennedy & Hickman,*
*By: P. Dalton Kennedy, Jr., for defendants, appellees.*

HIGGINS, J.    Decisive of this appeal is the question whether the evidence shows contributory negligence on the part of the plaintiff as a matter of law.    If the evidence in the light most favorable to the plaintiff shows he was negligent and that his negligence was the proximate cause, or one of the proximate causes of the accident in which he was injured, he cannot recover, notwithstanding defendants' negligence also was one of the proximate and participating causes.

The evidence discloses the collision occurred on 26 June, 1954, at about five o'clock in the morning, at an intersection between Wilkinson Boulevard and Ashley Road in the suburbs of Charlotte.    From the intersection, Wilkinson Boulevard extends east into the City of Charlotte and west to Gastonia.    It is a paved arterial highway, 36 feet wide, marked in four separate traffic lanes, the two north lanes for westbound traffic toward Gastonia, and the two south lanes for eastbound traffic into Charlotte.    Ashley Road forms a T-intersection on the north side of Wilkinson Boulevard.    It is of asphalt construction, 30 feet wide.    At the time of collision, electrically operated traffic control devices were installed and were in operation at the intersection.

Immediately before the accident a truck operated by the Health Department entered Wilkinson Boulevard a short distance east of Ashley Road.    It traveled west along the north lane toward Gastonia and turned to the right up Ashley Road.    This truck was engaged in spraying DDT, creating a rather dense fog which, according to plaintiff's evidence, covered the north lane of traffic.    As this truck turned north on Ashley Road, it continued to emit fog which covered about one-third of Ashley Road.    At about 30 minutes before sunrise the plaintiff, traveling east on Wilkinson Boulevard, arrived at the signal light at the intersection which was red for continued traffic on the Boulevard.    He intended to make a left turn across the two north traffic lanes and enter Ashley Road.    Following is the substance of the plaintiff's evidence directly relating to the accident:

He was traveling east on Wilkinson Boulevard about 30 minutes before sunrise.    While he was about 200 yards from the intersection the DDT truck turned up Ashley Road.    When he came to the intersection the traffic light was red for traffic on the Boulevard.    He waited for the

light to change and then gave a hand signal for a left turn. There was no traffic approaching from his rear and no traffic approaching on the inside lane for westbound traffic in so far as he could see, which was a distance of about 150 feet. The fog covered the outside lane for westbound traffic; some might have drifted onto the inside lane, but not much. He could see into the fog a distance of about 50 or 60 feet, but observed nothing approaching from the east. He made a left turn, intending to cross both traffic lanes (for westbound traffic) and enter Ashley Road. He was traveling four or five miles per hour. His car was about two or three feet from the line dividing the two lanes for westbound traffic when he saw the McLean tractor-trailer. It bolted out of the fogbank, eight or 10 feet from him. Between the time he first saw the tractor-trailer until the collision, his car did not move over six feet. The left front of the tractor-trailer struck his right front fender, knocked his car about 18 or 20 feet. The truck had lights on when he first saw it, eight or 10 feet away. There was no reason for his not seeing it 50 or 60 feet away unless it was on account of the fog.

The fog was an increased, though temporary, hazard to travelers upon the highway and, therefore, called for increased caution on their part. *Chesson v. Teer Co.*, 236 N.C. 203, 72 S.E. 2d 407. The rule applied both to the plaintiff and to the defendant. Conceding, but not deciding the defendants were negligent in moving at all into the fog, nevertheless, does not the plaintiff's story make him guilty of negligence as a matter of law? He was making a left turn, crossing two marked and separate lanes for westbound traffic on a green light for such traffic.

G.S. 20-154a imposed upon the plaintiff the following duties before he could lawfully make the turn and cross the traffic lanes: (1) He must first see that such movement can be made in safety; and (2) he must give a signal of his intention to make such movement plainly visible to the operators of other vehicles which his movement may affect. This Court has uniformly held that the above provisions are enacted for the promotion of safety upon the highway, and that violating them is negligence *per se*. *Grimm v. Watson*, 233 N.C. 65, 62 S.E. 2d 538; *Cooley v. Baker*, 231 N.C. 533, 58 S.E. 2d 115; *Bechtler v. Bracken*, 218 N.C. 515, 11 S.E. 2d 721. The negligence is actionable if such violation proximately causes injury to another. Likewise, if contributory negligence is set up as a defense against plaintiff's cause of action, a violation of the above safety provisions will defeat a recovery on the part of the plaintiff if the violation is the proximate cause, or one of the proximate causes of the injury. *Badders v. Lassiter*, 240 N.C. 413, 82 S.E. 2d 357. If contributory negligence appears as a matter of law, that is, if the plaintiff's evidence establishes such negli-

gence so clearly that no other conclusion may be reasonably drawn therefrom, the defendant is entitled to have his motion for judgment of nonsuit sustained. *Edwards v. Vaughn*, 238 N.C. 89, 76 S.E. 2d 359; *Lyerly v. Griffin*, 237 N.C. 686, 75 S.E. 2d 730; *Morrisette v. Boone Co.*, 235 N.C. 162, 69 S.E. 2d 239; *Matheny v. Motor Lines*, 233 N.C. 673, 65 S.E. 2d 361; *Hinshaw v. Pepper*, 210 N.C. 573, 187 S.E. 786.

The plaintiff either did not see or could not see the approach of the tractor-trailer until it was not more than eight or 10 feet away. He trusted neither to observation nor to knowledge that there was no approaching traffic on the outside lane going west, but rather to speculation and guess there would be none. A few moments delay until the fog lifted would have enabled him to see his movement could be made in safety and his signal for the turn could have been seen by approaching motorists. It was his duty to wait in a place of safety until he could see with reasonable certainty that his movement could be made in safety. *Dennis v. Albemarle, ante*, 221, 90 S.E. 2d 532; *Sibbitt v. Transit Co.*, 220 N.C. 702, 18 S.E. 2d 203. Contributory negligence in failure to observe the traffic regulations appears as a matter of law. The defendants' motion for judgment of nonsuit was equivalent to a voluntary nonsuit on the corporate defendant's counterclaim. *Bourne v. R. R.*, 224 N.C. 444, 31 S.E. 2d 382.

The judgment of the Superior Court of Mecklenburg County is
Affirmed.