BOBBY JAMES WRIGHT v. BERNARD G. PEGRAM AND TAYLOR JAMES PEGRAM.

(Filed 2 May, 1956.)

**1. Negligence § 19c—**

In order to warrant nonsuit on the ground of contributory negligence, plaintiff's evidence must establish his contributory negligence so clearly that no other conclusion may be reasonably drawn from that evidence.

**2. Automobiles § 17—**

While a motorist entering an intersection with the traffic control light is nevertheless under duty to maintain a proper lookout, keep his vehicle under reasonable control, and avoid hitting persons or vehicles which he sees, or should see, in time to avoid collision, such duty does not require him to anticipate that a motorist along the intersecting street will approach the intersection at an unlawful speed or fail to observe the traffic signal governing the traffic in his direction of travel.

**3. Automobiles § 42g—Evidence held not to disclose contributory negligence as a matter of law in failing to avoid collision at intersection.**

Where plaintiff's evidence tends to show that he entered an intersection as the traffic control signal turned green, that defendants' car, approaching along the intersecting street from plaintiff's left, could not be seen by plaintiff until about 100 feet away because of a hill, that defendant driver approached at an unlawful speed and collided with plaintiff's car about the center of the intersection, that plaintiff looked to the right and left before he started into the intersection, but did not see defendants' car until it hit him, with inferences that if plaintiff first looked to his left before entering the intersection and then had his attention diverted to

other traffic, defendants' car would not then have been visible, and that plaintiff could have cleared the intersection in safety except for defendants' excessive speed, *held*, whether under all the circumstances plaintiff should have avoided the accident, presents a question of fact for the jury and not one of law for the court.

APPEAL by the plaintiff from *Armstrong, J.,* November 28, 1955 Term Superior Court, RANDOLPH County.

Civil action brought by the plaintiff for personal injury and property damages suffered as a result of an automobile collision at the intersection of North Fayetteville and Salisbury Streets in the Town of Asheboro.

The collision occurred about 7:15 a.m. on December 11, 1954. The plaintiff alleged the defendant, Bernard G. Pegram, agent of Taylor James Pegram, operated the latter's Ford automobile in a negligent and careless manner in that he attempted to run through an intersection against a red light and at an excessive rate of speed, collided with plaintiff's car while the latter was lawfully passing through the intersection, injuring the plaintiff and damaging his car. The defendant denied negligence and pleaded sole and contributory negligence on the part of the plaintiff.

At the time of the accident there was an electrically operated traffic control signal light over the center of the intersection showing alternately red, yellow and green, stop, caution, and go signals. White lines for control of pedestrian traffic were placed on both North Fayetteville and Salisbury Streets, though their exact location with respect to distance from the intersection is not disclosed by the record.

According to the pertinent part of plaintiff's testimony, he was driving his Buick automobile north on North Fayetteville Street at a speed between 15 and 20 miles per hour. At the time his car arrived at the white line in his approach to the intersection the light became green for northbound traffic. At the same time three other cars were stopped on the opposite side of the intersection headed south on Fayetteville Street—one in the center lane, and two in the west lane. The plaintiff proceeded into the intersection on the east traffic lane and the collision occurred about the center of Salisbury Street. The Ford hit plaintiff's car, threw him from under the steering wheel. He lost control of his car and it ran into a telephone pole at the corner of the intersection. . . . "When I saw Mr. Pegram was when he hit me. I looked to the right and left when I started through. . . . When I drove up to the light I didn't see a car coming whatever over that little hill. . . . I could see a distance of about 100 feet either way. . . . Speed zone signs say 20 miles an hour on Salisbury Street and 35 on North Fayetteville Street."

James L. Bradley, Jr., testified for the plaintiff: "I was at the intersection and witnessed the wreck . . . I seen this Ford coming . . . he was not slowing up. Bernard Pegram was in it, looked like he was trying to beat that caution out. In my opinion the speed of defendant was 35 to 40 miles an hour. I figured the light turned red on him about the time he hit the white line. It was definitely red when he went under the light. The light turned red about the time he hit the white lines, pedestrian lines. Plaintiff was doing 15 or 20."

At the time they entered the intersection the plaintiff was going north on North Fayetteville Street and the defendant Bernard Pegram was going east on Salisbury Street. There is no evidence in the record as to the width of either street or as to the location of the white lines marked off for pedestrians.

The plaintiff introduced medical and other evidence of his injuries, which included a broken wrist, the loss of a tooth and injury to other teeth, and other bruises and contusions. He introduced evidence of his medical and hospital expenses and damage to his car.

At the close of the plaintiff's evidence the court rendered judgment of compulsory nonsuit, to which the plaintiff excepted and from which he appealed.

*Ottway Burton, for plaintiff, appellant.*

*Coltrane & Gavin,*

　*By: T. Worth Coltrane, for defendants, appellees.*

HIGGINS, J. The evidence of the defendant's speed of 35-40 miles per hour in a 20-mile zone and his entrance into the intersection against a red light was sufficient to go to the jury on the question of defendant's negligence. The judgment of nonsuit, therefore, can be upheld only if the plaintiff's contributory negligence appears as a matter of law. In order to warrant a nonsuit on that ground the plaintiff's evidence must establish his contributory negligence so clearly that no other conclusion may be reasonably drawn from that evidence. *Bradham v. Trucking Co.,* 243 N.C. 708; *Edwards v. Vaughn,* 238 N.C. 89, 76 S.E. 2d 359; *Lyerly v. Griffin,* 237 N.C. 686, 75 S.E. 2d 730; *Morrisette v. Boone Co.,* 235 N.C. 162, 69 S.E. 2d 239; *Matheny v. Motor Lines,* 233 N.C. 673, 65 S.E. 2d 361; *Hinshaw v. Pepper,* 210 N.C. 573, 187 S.E. 786.

Fractions of a second and a few feet of space may determine the difference between safety and danger in crossing intersecting streets and highways. At 20 miles per hour a motor vehicle will travel approximately 29 feet in one second. While the evidence warrants the inference the light turned green for the plaintiff at the time he arrived

at the white line (for guidance of pedestrians) on North Fayetteville Street, yet the distance of that line from Salisbury Street is left to conjecture. Likewise, the evidence warrants the inference the light turned red for the defendant Bernard Pegram at the time he arrived at the white line on Salisbury Street, yet the distance of that line from North Fayetteville Street is likewise left to conjecture. There was no evidence offered as to the width of the streets.

On account of a little hill the plaintiff could see only about 100 feet west in the direction from which the defendant's car approached. The plaintiff had a right to assume and to act on the assumption that a motorist from that direction would obey the speed limit of 20 miles per hour, and upon that basis determine whether he had time to clear the intersection. He testified he looked both to the left and to the right as he entered the intersection and that he saw no approaching traffic. He did see three cars north of the intersection. The evidence indicates the defendant Bernard Pegram approached and drove into the intersection at a speed of 35-40 miles per hour, practically double the legal speed limit. By reason of the defendant's speed, the plaintiff actually had only about one-half the time to clear the intersection he had a right to expect. Of course, it was the plaintiff's duty to look and to see what he should have seen. But it was his duty to look not only to the left and to the right, but also in front. Naturally he could take a last look in only one direction. The defendant's speed carried his car the 100 feet from the point of first possible visibility to the intersection in less than two seconds. The plaintiff did not see the Ford until the collision. The evidence disclosed that two of the cars in front of the plaintiff were in movement. This fact may have occupied his sole attention. Whether under all the circumstances he should have seen the defendant's approach, and in the exercise of due care could and should have avoided the accident, presents a question of fact for the jury and not one of law for the court.

Both parties in their briefs cite the case of *Troxler v. Motor Lines,* 240 N.C. 420, 82 S.E. 2d 342. That case turned on the question whether the allegations of the complaint absolved Mrs. Lefler from liability by alleging facts sufficient to show upon the face of the complaint that negligence of her co-defendants was the sole proximate cause of the collision and resulting damage; and whether her negligence, if any, was insulated and not a proximate cause of that collision. In discussing the question, Justice Winborne said: "On the other hand, Lefler, having the green light as she approached the intersection, it seems clear that she had the right to proceed. It is alleged she did proceed into the intersection. But if it be inferred from the allegation that she entered the intersection as the light was in the

process of changing, she was not under any duty of anticipating negligence on the part of Wyrick, but in the absence of anything which gave or should have given notice to the contrary, she was entitled to assume, and to act on the assumption, that Wyrick in the exercise of ordinary care would not proceed into the intersection until after he had the green light and she had cleared the intersection." Citing *Reeves v. Staley*, 220 N.C. 573, 18 S.E. 2d 239.

Mrs. Lefler's situation in the *Troxler case* is not unlike the plaintiff's in the case at bar. Mrs. Lefler, according to the allegations in the complaint, and the plaintiff, according to the evidence in this case, entered the intersection when the light was red for the other party. We are not unmindful of the fact that a motorist facing a green light as he approaches and enters an intersection is under the continuing obligation to maintain a proper lookout, to keep his vehicle under reasonable control, and to operate it at such speed and in such manner as not to endanger or be likely to endanger others upon the highway. *Ward v. Bowles*, 228 N.C. 273, 45 S.E. 2d 354. Nevertheless, in the absence of anything which gives or should give him notice to the contrary, a motorist has the right to assume and to act on the assumption that another motorist will observe the rules of the road and stop in obedience to a traffic signal. *Cox v. Freight Lines*, 236 N.C. 72, 72 S.E. 2d 25.

We conclude the case at bar falls within that category in which the issue of contributory negligence is for the jury and does not appear as a matter of law. *Smith v. Buie*, 243 N.C. 209, 90 S.E. 2d 514; *Marshburn v. Patterson*, 241 N.C. 441, 85 S.E. 2d 683; *Hamilton v. Henry*, 239 N.C. 664, 80 S.E. 2d 485; *Gibson v. Whitton*, 239 N.C. 11, 79 S.E. 2d 196; *Mikeal v. Pendleton*, 237 N.C. 690, 75 S.E. 2d 756; *Ward v. Cruse*, 236 N.C. 400, 72 S.E. 2d 835; *Donlop v. Snyder*, 234 N.C. 627, 68 S.E. 2d 316; *Fowler v. Atlantic Co.*, 234 N.C. 542, 67 S.E. 2d 496; *Johnson v. Bell*, 234 N.C. 522, 67 S.E. 2d 658; *Batchelor v. Black*, 232 N.C. 745, 61 S.E. 2d 894; *Bailey v. Michael*, 231 N.C. 404, 57 S.E. 2d 372; *Bobbitt v. Haynes*, 231 N.C. 373, 57 S.E. 2d 361; *Bundy v. Powell*, 229 N.C. 707, 51 S.E. 2d 307; *Nichols v. Goldston*, 228 N.C. 514, 46 S.E. 2d 320; *Hobbs v. Drewer*, 226 N.C. 146, 37 S.E. 2d 121; *McMillan v. Butler*, 218 N.C. 582, 11 S.E. 2d 788; *Matthews v. Cheatham*, 210 N.C. 592, 188 S.E. 87.

The judgment of the Superior Court of Randolph County is
Reversed.