STADLER COUNTRY HAMS, INC. v. ELBERT SCOTT.

(Filed 14 January, 1966.)

**Automobiles § 42g—**

> Evidence held not to show contributory negligence as a matter of law on the part of plaintiff in entering an intersection while faced with the green traffic control signal after having observed the traffic in all directions and ascertained that no vehicles were in the intersection in his lane of travel, but who was hit by defendant's vehicle which entered the intersection while faced with a red traffic signal and collided with the left side of plaintiff's vehicle, since plaintiff had the right to act upon the assumption that defendant would stop in obedience to the red light.

APPEAL by plaintiff from *Johnson, J.,* August 1965 Civil Session of ALAMANCE.

*Ross, Wood & Dodge for plaintiff.*
*Sanders & Holt and Clyde A. Wootton for defendant.*

PER CURIAM. This is an action to recover property damage which resulted when motor vehicles of plaintiff and defendant collided at the intersection of South Main and Morehead Streets in the city of Burlington. The collision occurred about 9:55 A.M. on 16 November 1963, in a business district. Traffic at the intersection is controlled by automatic signal lights. Plaintiff's panel truck, operated by plaintiff's agent, was proceeding northwardly on Main. Defendant was operating his automobile eastwardly on Morehead.

At the close of the evidence the court allowed defendant's motion for judgment of involuntary nonsuit, and dismissed the action. Plaintiff excepted and appealed.

The evidence, considered in the light most favorable to plaintiff, discloses these facts: Plaintiff's truck was proceeding northwardly on Main in the east traffic lane at a speed of 15 to 20 miles per hour. When it was about 100 feet from the intersection the driver observed that the traffic light facing him was red and he started to shift his foot from the accelerator to the brake. When he was in the act of doing so the light changed to green. He continued forward at about the same speed as before. He observed that a line of traffic headed south on Main had been stopped at the intersection. When he was about 20 feet from the intersection, the front car in that line of traffic turned right and proceeded west on Morehead. He looked to his right on Morehead and saw no traffic approaching; he glanced to his left and saw defendant's automobile about 40 feet from the intersection, coming eastwardly toward the intersection. When plaintiff's truck reached the approximate center of the intersection

it was struck "in the left fender and door" by defendant's automobile.

In his brief "Defendant concedes that on the issue of defendant's negligence there was sufficient evidence . . . to take the case to the jury. . . . defendant proceeds on the theory that the evidence of plaintiff established contributory negligence as a matter of law. . . ." The crux of defendant's argument in support of nonsuit is that plaintiff's evidence shows that its driver "was travelling blindly into the intersection." We do not agree. Plaintiff's truck entered the intersection on a green light. The driver observed traffic in all directions. There were no vehicles in the intersection in the truck's lane of travel. Defendant was nearing the intersection but was faced with a red light. Plaintiff had the right to assume, and to act upon the assumption, that defendant would stop in obedience to the red light. Contributory negligence as a matter of law does not appear. *Wright v. Pegram,* 244 N.C. 45, 92 S.E. 2d 416.

The judgment below is

Reversed.