F. T. LYERLY v. W. L. GRIFFIN AND HEATH GRIFFIN.

(Filed 6 May, 1953.)

**1. Automobiles § 14—**

Before attempting to pass another vehicle traveling in the same direction on the highway in front of him, a driver must exercise due care to see that he can pass in safety and must sound his horn in reasonable time to give warning so as to avoid injury which would likely result if the preceding vehicle should make a left turn. G.S. 20-149 (b). .

**2. Automobiles § 18h (3)—**

Plaintiff's own evidence tended to show that he turned to his left on the highway in an attempt to pass a truck traveling in the same direction, but that he did not sound his horn to give warning of his intention to pass the truck, and that the truck without warning or signal turned to its left in front of plaintiff's car in order to enter a private driveway on the left of the highway, and that plaintiff immediately applied his brakes and turned to the right but was unable to avoid a collision. *Held:* Plaintiff's own evidence discloses contributory negligence constituting one of the proximate causes of the injury as a matter of law, and nonsuit was properly entered.

**3. Negligence § 19c—**

While the burden of proof on the issue of contributory negligence is on defendant, nonsuit on the ground of contributory negligence may properly be rendered when plaintiff's own evidence discloses as the sole inference

logically deducible therefrom that plaintiff was guilty of contributory negligence constituting one of the proximate causes of the injury.

**4. Negligence § 19a—**

What is the proximate cause of the injury is ordinarily a question for the jury, and it is only when all of the facts are admitted or established and only one inference may be drawn therefrom that the court may declare whether an act was a proximate cause of the injury in suit.

ERVIN and JOHNSON, JJ., dissent.

APPEAL by plaintiff from *Patton, Special Judge,* December Extra Civil Term, 1952, of MECKLENBURG. Affirmed.

Plaintiff instituted action to recover damages for injury to his person and property growing out of a collision between motor vehicles on the highway. Plaintiff alleged this was due to the negligent operation of defendants' truck, and the defendants set up contributory negligence on the part of the plaintiff.

At the conclusion of the plaintiff's evidence defendants' motion for judgment of nonsuit was allowed, and from judgment dismissing the action plaintiff appealed.

*Frank W. Orr and J. C. Sedberry for plaintiff, appellant.*
*Kennedy & Kennedy and Charles E. Knox for defendants, appellees.*

DEVIN, C. J.   Admittedly there was evidence of negligence on the part of the driver of defendants' truck. Hence the determination of the propriety of the nonsuit must depend on whether from plaintiff's own testimony contributory negligence on his part was affirmatively established, sufficient to bar his recovery.

According to plaintiff's testimony, on the morning of 10 November, 1951, he was driving his automobile south from Monroe on Highway 151. The pavement was 18 feet wide, the road at that point was straight and the day was clear. He was driving at a speed of 55 miles per hour. He observed at a distance of 800 feet in front of him a truck being driven out of a side road into the highway, and proceeding at a speed of 15 miles per hour along the highway in the direction plaintiff was traveling. The truck later proved to be the property of defendant W. L. Griffin and driven at the time by defendant Health Griffin. Overtaking the truck and desiring to pass, plaintiff drove to the left lane of the highway and was 60 or 70 feet from the truck when without warning or signal the truck was driven to the left in front of plaintiff's automobile for the purpose of entering a private driveway to a residence on the left side of the highway. Plaintiff, as soon as he saw the truck begin to turn to the left, applied his brakes and turned to the right, but was unable to avoid a collision and

struck the rear of the truck which was then about the middle of the highway. Plaintiff did not sound his horn before attempting to pass. This was not a business or residence district. Plaintiff estimated the speed at which he was traveling when he attempted to pass was 35 miles per hour; that he was within 25 or 30 feet of the truck when he applied his brakes, and that he was going 20 or 25 miles per hour when the collision occurred.

Plaintiff was injured in his person and property. Defendant's counterclaim for injury to his truck caused by the collision was not pressed consequent upon the allowance of his motion to dismiss the action.

The statutes regulating the operation of motor vehicles on the highway contain this provision:

"The driver of an overtaking motor vehicle not within a business or residence district, as herein defined, shall give audible warning with his horn or other warning device before passing or attempting to pass a vehicle proceeding in the same direction." G.S. 20-149 (b).

The driver of defendants' truck failed to give a signal to the driver of the following vehicle of his intention to turn to the left across the highway, as required by G.S. 20-154; and equally the plaintiff failed to give a warning signal of his intention to pass the defendants' truck. Both parties were at fault. If the driver of defendants' truck had given proper signal of his intention to turn left, plaintiff would not have attempted to pass at that moment; and, on the other hand, if plaintiff had sounded his horn in apt time the driver of defendants' truck in the exercise of due care would not have attempted to make a left turn, or if he did, plaintiff would have absolved himself from blame in this respect.

The duty imposed by statute upon the driver of the overtaking vehicle to sound his horn before attempting to pass must be regarded as requiring that warning be given to the driver of the vehicle being overtaken in reasonable time to avoid injury which would likely result from a left turn.

In the absence of such warning from the driver of the overtaking vehicle, knowledge of his intention to pass may not be ascribed to the driver of the forward vehicle (*Dreher v. Divine,* 192 N.C. 325, 135 S.E. 29; *Beaman v. Duncan,* 228 N.C. 600, 46 S.E. 2d 707); and the duty rests upon him who is attempting to pass another vehicle proceeding in same direction on the highway to observe the statute and to exercise due care to see that he can pass in safety. 2 Blashfield, sec. 938, 3-4 Huddy (9th Ed.), secs. 121-122; *Hobbs v. Mann,* 199 N.C. 532, 155 S.E. 163; *Dunkelbeck v. Meyer,* 140 Minn. 283; *Kerlinske v. Etzel,* 215 N.W. (Wis.) 591; *Tackett v. Milburn,* 36 Wash. 2d 349; *Stallard v. Atlantic Greyhound Lines,* 169 Va. 223; *Spence v. Rasmussen,* 190 Ore. 662; *Montgomery v. Whitfield,* 188 F. 2d 757.

In *Sandoz v. Beridon,* 150 Sou. (La.) 25, where the facts were similar to those in the case at bar, the Court said: "It seems to us that even

though Dr. Beridon failed to look behind carefully and at a proper time and to extend his hand and arm, the plaintiff Dejean, as driver of the overtaking vehicle, was equally neglectful and at fault in not timely giving the suitable and audible signal, which the law required him to give to the party about to be passed. There was a mutual failure of duty, each contributing to bring about the collision. We therefore conclude that as against Dejean the defense of contributory negligence is good and that he has no right to recover on that account."

It is apparent from plaintiff's testimony that his negligence in failing to sound his horn before attempting to pass, as required by the statute, must be regarded as one of the causes which proximately contributed to his injury.

"The plaintiff's negligence need not have been the sole proximate cause of the injury. If his negligence was one of the proximate causes, the plaintiff would not be entitled to recover." *Wright v. Grocery Co.,* 210 N.C. 462, 187 S.E. 564. It is sufficient to sustain a nonsuit on this ground if the plaintiff's testimony makes out a case of contributory negligence on his part concurring with that of the defendant in proximately producing the injury. *Austin v. Overton,* 222 N.C. 89, 21 S.E. 2d 887.

While the burden of proof on the issue of contributory negligence was on the defendants, nonsuit on this ground may properly be rendered when but a single inference leading to that conclusion can be drawn from the plaintiff's evidence. *Harrison v. R. R.,* 194 N.C. 656, 140 S.E. 598; *Hayes v. Tel. Co.,* 211 N.C. 192, 189 S.E. 499; *Beck v. Hooks,* 218 N.C. 105, 10 S.E. 2d 608; *Hampton v. Hawkins,* 219 N.C. 205, 13 S.E. 2d 227; *Bundy v. Powell,* 229 N.C. 707, 51 S.E. 2d 307; *Morrisette v. Boone Co.,* 235 N.C. 162, 69 S.E. 2d 239; *Morris v. Transport Co.,* 235 N.C. 568 (576), 70 S.E. 2d 845; *Ward v. Cruse,* 236 N.C. 400, 72 S.E. 2d 835.

What is the proximate cause of an injury is ordinarily a question for the jury. "It is only when the facts are all admitted and only one inference may be drawn from them that the court will declare whether an act was the proximate cause of an injury or not." *Conley v. Pearce-Young-Angel Co.,* 224 N.C. 211, 29 S.E. 2d 740. Here the facts were not in dispute. The affirmative defense of contributory negligence was based on the plaintiff's own testimony. *Wright v. R. R.,* 155 N.C. 325, 71 S.E. 306; *Godwin v. R. R.,* 220 N.C. 281, 17 S.E. 2d 137.

The judgment of nonsuit rendered by the able judge who heard this case will be upheld.

Affirmed.

ERVIN and JOHNSON, JJ., dissent.