Bell v. Wallace

RONDA IRENE BELL, BY AND THROUGH HER GUARDIAN AD LITEM, JOHN LESTER BELL, AND JOHN LESTER BELL, INDIVIDUALLY v. CAROL GWYN WALLACE

No. 7623DC511

(Filed 16 February 1977)

1. **Automobiles § 89— last clear chance — insufficient evidence for jury**

    In an action to recover for personal injury and property damage sustained in an automobile accident, the trial court did not err in refusing to submit an issue of last clear chance to the jury where there was no evidence from which the jury could find that after the minor plaintiff came into a position of peril as result of the concurrent negligence of both parties, there then remained time sufficient or means by which the defendant could have avoided the accident.

2. **Automobiles § 54— passing car travelling in same direction — failure to sound horn — instruction on common law duty proper**

    In an action to recover for personal injury and property damage sustained in an automobile accident, the trial court's instruction on the duty of a motorist to sound his horn before passing correctly embodied the common law duty to use reasonable care.

3. **Automobiles § 72— sudden emergency — plaintiff's negligence as cause — failure to instruct on sudden emergency**

    In an action to recover for personal injury and property damage resulting from an automobile accident, the trial court did not err in failing to instruct the jury on the doctrine of sudden emergency where the evidence tended to show that the minor plaintiff attempted to pass the defendant, who was travelling in the same direction, when defendant began to cross the center line; the plaintiff did not sound her horn prior to passing; and plaintiff veered away from defendant's vehicle to avoid a collision and wrecked her own vehicle.

APPEAL by plaintiffs from *Osborne, Judge.* Judgment entered 9 March 1976 in District Court, WILKES County. Heard in the Court of Appeals on 16 November 1976.

This is a civil action for damages in which the minor plaintiff, Ronda Irene Bell, seeks to recover for her personal injuries, and her father, John Lester Bell, seeks to recover for damages to his automobile, allegedly caused by defendant's negligence. Defendant denied negligence and pled contributory negligence. Prior to trial, plaintiffs were permitted to amend their pleadings to plead last clear chance.

Plaintiffs' evidence showed: On the morning of 19 February 1975 the minor plaintiff was driving her father's family-

---

---

purpose Buick automobile on her way to school. At the same time the defendant was driving her Ford on the same road and in the same direction. Defendant was following a loaded pickup truck, and plaintiff was following the defendant. All three vehicles were travelling in the same direction at around 35 to 40 miles per hour. The road was a two-lane paved road and at the point where the accident occurred passed through open country. The speed limit was 55 miles per hour. After following defendant for about a mile and a half, the minor plaintiff pulled over to pass. At that time she was in a marked passing zone with approximately 500 feet of clearly visible road ahead, and no vehicle was approaching from the opposite direction. As plaintiffs' Buick got beside the rear portion of defendant's Ford, the Ford began drifting approximately two feet over the center line into the passing lane. Plaintiffs' Buick moved to the left, going off of the left side of the road into the ditch and coming to rest with its back end in the ditch and its front end up on the highway. The minor plaintiff was injured and her father's Buick was severely damaged. Defendant's Ford went off of the right hand side of the road and stopped a little distance further down the road. At no time did the two vehicles come into contact.

The minor plaintiff testified that she blew her horn twice, that when she blew it first, "just this little part of the car had got beside her car. The front bumper of my car was kindly past the back of her car when I blew the horn. Nobody in the car did anything when I blew the horn. She did not put her hand out or give any electric signal or anything that she was going to turn left." The minor plaintiff also testified that following the accident the defendant told her "she was sorry, it was her fault. She didn't know she was running me off the road, that she wasn't paying attention. . . . "

On cross-examination, the minor plaintiff testified: "I gave a turn signal and pulled out to pass. There was no traffic behind me, but I gave a left turn signal. I then pulled out to pass Carol and when my front bumper kindly got beside her she kindly, you know, started drifting over. I blowed my horn. She kept coming over. When I went left, I blowed the horn again and then went on into the ditch."

Defendant's evidence showed: While travelling down the road, she came upon the loaded pickup truck going about 30

to 35 miles per hour. Not seeing anything when she looked into her rear view mirror and out her side window, she started pulling out to pass the truck. She then heard one of her passengers holler, and "about the same time I heard Ronda (the minor plaintiff) and it sounded like she was trying to put on the gas, trying to go on you know, and make it." Defendant immediately pulled back into her lane.

Defendant testified: "I did not know Ronda was behind me prior to the incident. I did not hear any horn sound prior to the incident. After I pulled out, it sounded like she mashed the gas. That is the first time I knew the car was behind me. I had no warning prior to that time. When I heard it and everything, I pulled back in my lane real fast. I slid around. My vehicle landed almost in a hole on the right side of the road." Two passengers in defendant's automobile also testified that they did not hear a horn blow at any time prior to the accident.

The jury answered issues of negligence and contributory negligence in the affirmative. From judgment that plaintiffs recover nothing on their claims against the defendant, plaintiffs appealed.

*McElwee, Hall & McElwee by William H. McElwee III for plaintiff appellants.*

*Hudson, Petree, Stockton, Stockton & Robinson by Robert J. Lawing for defendant appellee.*

PARKER, Judge.

Appellants' three assignments of error all relate to the court's charge to the jury.

[1]  First, plaintiffs contend the court erred in refusing their request to submit an issue of last clear chance to the jury. We find no error. The issue of last clear chance did not arise on the evidence in this case. "[T]o bring into play the doctrine of the last clear chance, there must be proof that after the plaintiff had, by his own negligence, gotten into a position of helpless peril (or into a position of peril to which he was inadvertent), the defendant discovered the plaintiff's helpless peril (or inadvertence), or, being under a duty to do so, should have, *and, thereafter, the defendant, having the means and the time to avoid the injury, negligently failed to do so." Exum v. Boyles,* 272 N.C. 567, 576, 158 S.E. 2d 845, 853 (1968). (Emphasis

added.) Here, there was ample evidence from which the jury could find that defendant was negligent in pulling out to pass the pickup truck without first seeing that the passing lane was clear so that she could move into it with safety. There was also evidence to support a jury finding that the minor plaintiff was contributorily negligent in undertaking to pass the plaintiff without first giving timely warning of her intention so to do by blowing her horn. The jury was also justified in finding that these two acts of negligence, which all of the evidence showed occurred substantially simultaneously, combined to cause plaintiffs' injuries. Indeed, but for the combined negligence of the defendant and the negligence of the minor plaintiff working concurrently, the minor plaintiff would never have been in any position of peril. In this case, however, there was no evidence from which the jury could find that *after* the minor plaintiff came into a position of peril as result of the concurrent negligence of both parties, there then remained time sufficient or means by which the defendant could have avoided the accident. Once the negligence of the parties combined to place the minor plaintiff in danger, such opportunity to avoid the accident as may have existed was equally available to the minor plaintiff as it was to the defendant. The trial judge committed no error in refusing to submit an issue of last clear chance to the jury.

[2]  Plaintiffs' second assignment of error is directed to the following portion of the trial judge's charge:

> "Now, with respect to the duty to control her vehicle, I instruct you that the driver of an automobile who wishes to pass another ahead of him must keep his automobile under control so as to avoid a collision if the driver ahead of him apparently does not hear his signal or is not aware of his intention to pass. Now, furthermore, Miss Bell would have some—you would consider whether she had a duty with respect to sounding her horn. I instruct you that the law in the State of North Carolina with respect to sounding a horn when passing another vehicle is as follows: 'A driver or a motorist does not have an absolute duty to sound a horn when overtaking and passing another vehicle, that is, an absolute duty to sound his horn in all cases. On the other hand, in a type of situation where a reasonably prudent person would sound his horn under those circum-

stances, then the motorist does have the duty to sound his horn in that type of situation.' "

Plaintiffs assert that the court's charge places on the driver of an overtaking vehicle the positive responsibility to sound his horn contrary to the present language in G.S. 20-149(b). In that connection, plaintiffs point out that the General Assembly amended G.S. 20-149(b) by Ch. 1330, Sec. 15, 1973 Session Laws so as to eliminate the previously existing responsibility. However, the statutory duty prescribed in G.S. 20-149(b) is not here at issue. What is involved here is the duty imposed upon a passing motorist by the common law to use reasonable care. "The common law imposes upon him the duty to use reasonable care to avoid injury to other persons upon the highway and, for that purpose, to blow his horn if, under like circumstances and conditions, a reasonably prudent driver would have done so. . . . In the absence of a statutory requirement, 'a motorist is required, when reasonably necessary, to blow his horn to give warning to travelers ahead.' " *Lowe v. Futrell,* 271 N.C. 550, 553, 157 S.E. 2d 92, 95 (1967). This common law duty to operate an automobile with the care a person of ordinary prudence would exercise under similar conditions to prevent injury to other persons on the highway exists regardless of statutes regulating the operation of automobiles. *Boykin v. Bissette,* 260 N.C. 295, 132 S.E. 2d 616 (1963). The trial judge correctly embodied the common law duty in his charge. Plaintiffs' second assignment of error is overruled.

[3] Plaintiffs finally assign as error the failure of the trial court to instruct the jury on the doctrine of sudden emergency. However, when one's own negligence brings about a sudden emergency or contributes to it in whole or in part, one cannot invoke the doctrine in exculpation of one's negligence. *Boykin v. Bissette, supra.* "A party is not entitled to the benefit of the doctrine of sudden emergency, if he himself contributes to its creation in whole or in part." *Rodgers v. Thompson,* 256 N.C. 265, 276, 123 S.E. 2d 785, 792 (1962). The doctrine of sudden emergency was not applicable in the present case.

In the trial appealed from, we find

No error.

Chief Judge BROCK and Judge HEDRICK concur.