BEASLEY PERRY, JR. v. LARRY WAYNE AYCOCK AND JOHN W. FISHER

No. 837SC615

(Filed 5 June 1984)

1. **Appeal and Error § 6.8— order granting summary judgment—right of immediate appeal**

    An order granting summary judgment for defendants in a "pass and turn" automobile negligence case affected a substantial right of plaintiff and was immediately appealable where defendants' counterclaim for damages to their vehicle remains for adjudication, and there is a possibility of inconsistent verdicts in separate trials.

2. **Automobiles and Other Vehicles § 58.2— failure to give turn signal—genuine issue as to negligence**

    In an action arising out of a collision which occurred when plaintiff attempted to pass a farm tractor which made a left turn, the evidence on motion for summary judgment presented an issue of material fact as to whether the driver of the tractor was negligent in failing to give a left turn signal, although the evidence showed that the driver of a pickup truck traveling immediately behind the farm tractor gave a left turn signal.

3. **Automobiles and Other Vehicles §§ 16.3, 77.1— failure to sound horn before passing—no contributory negligence per se**

    Plaintiff's failure to sound his horn before he attempted to pass defendant's farm tractor did not constitute contributory negligence *per se.* G.S. 20-149(b).

APPEAL by plaintiff from *Peel, Judge.* Judgment entered 1 March 1983 in Superior Court, NASH County. Heard in the Court of Appeals 6 April 1984.

*Evans & Lawrence, by Robert A. Evans, for plaintiff appellant.*

*Evans & Rountree, by Charles S. Rountree, for defendant appellee.*

BECTON, Judge.

Plaintiff appeals from summary judgment for defendants in a "pass and turn" automobile negligence case. We hold that summary judgment was improperly granted.

I

This appeal arises from the following undisputed events. Plaintiff, Beasley Perry, Jr., was following a line of vehicles on a rural road. At the head of the line was a slow-moving farm tractor operated by defendant, Larry Wayne Aycock, followed by a pickup truck operated by Stuart Strickland. Aycock and Strickland were employees of defendant John W. Fisher. The tractor and pickup both had emergency flashers on. As Aycock approached a farm driveway leading off the road to the left, Perry attempted to pass the line of vehicles. At the same time, Aycock attempted a left turn. A collision resulted, causing personal injury and other damages to Perry. Perry later instituted this action for damages. Defendants answered, denying negligence on their part and alleging contributory negligence on Perry's part, and counterclaiming for damages to the tractor. Before trial commenced, defendants moved for summary judgment as to Perry's claim, based on the answers to interrogatories and the depositions. Plaintiff presented no evidence. From an order granting defendants' motion, plaintiff appeals.

II

[1]   We address as a preliminary matter the appealability of the order. Defendants' Counterclaim for damage to the tractor remains for adjudication, and the order granting summary judgment does not contain a certification that there is "no just reason for delay." N.C. Gen. Stat. § 1A-1, Rule 54(b) (1983). Plaintiff's appeal is therefore premature unless the order affected a substantial right claimed by the appellant, and will work an injury to him if not corrected before an appeal from the final judgment. N.C. Gen. Stat. § 1-277 (1983); N.C. Gen. Stat. § 7A-27(d) (1981); *Oestreicher v. American Nat'l Stores, Inc.,* 290 N.C. 118, 225 S.E. 2d 797 (1976).

In a trial limited to defendant's Counterclaim, the jury could find that Perry was negligent and that defendants were not contributorily negligent, and thus allow defendants their requested

relief. Then, if the summary judgment on Perry's claim were reversed on appeal, a second jury could find that Perry was not contributorily negligent and that defendants were negligent. A distinct possibility of inconsistent verdicts in separate trials arises, and the order allowing summary judgment therefore affects a substantial right, the denial of which will work an injury to the appellant if not corrected before an appeal from a final judgment. *See Bernick v. Jurden*, 306 N.C. 435, 293 S.E. 2d 405 (1982). We hold that this appeal is properly before this Court.

### III

When a defendant moves for summary judgment in a negligence action and presents a forecast of evidence sufficient to entitle him to a directed verdict if the evidence were introduced at trial, the plaintiff must then present a forecast of evidence which, if introduced at trial, would be sufficient to avoid a directed verdict. If the plaintiff does not do so, summary judgment must be granted for the defendant. *Moore v. Fieldcrest Mills, Inc.*, 296 N.C. 467, 251 S.E. 2d 419 (1979). However, mere failure to respond with opposing affidavits or depositions does not automatically mean that summary judgment is appropriate. The moving party must still succeed on the strength of its evidence, and when that evidence contains material contradictions or leaves questions of credibility unanswered, the movant has failed to satisfy its burden. N.C. Gen. Stat. § 1A-1, Rule 56(c) (1983); *Kidd v. Early*, 289 N.C. 343, 222 S.E. 2d 392 (1976).

### IV

[2] As noted above, Perry did not submit any affidavits or depositions in opposition to defendants' motion. Defendants submitted evidence that although the pickup truck driver signaled a left turn, the tractor driver did not signal a left turn. There was other evidence that the tractor driver, Aycock, *did* give a hand signal, but it came from a witness who admitted that he did not pay great attention and whose answers to other questions were vague or inconsistent. Defendants' own evidence contained contradictions and unanswered questions of credibility and thus did not conclusively establish that Aycock signaled his turn.

Although failure to do so does not constitute negligence *per se*, the law requires the driver "of any vehicle" to give a "plainly

visible" signal to the operators of other vehicles who may be affected before beginning a turn. N.C. Gen. Stat. § 20-154(a) (1983). A farm tractor is a vehicle. N.C. Gen. Stat. § 20-4.01(49) (1983). Since defendants' evidence permitted a finding that Aycock did not signal, summary judgment based on lack of negligence by defendants would only be appropriate if the evidence established conclusively that Aycock had no duty to signal under the circumstances.

Defendants argue that the tractor and the pickup operated as a "unit" and that the pickup's signals should be considered as those of the tractor. They cite no authority for this novel proposition, however; it clearly constitutes an adaptation of the statutory standard of care to the circumstances of the case. Absent any more conclusive evidence that Aycock had no duty to signal, and in light of the undisputed fact that plaintiff did safely pass the pickup truck, we conclude that defendants' evidence did not suffice to justify summary judgment for defendants on the issue of Aycock's negligence.

V

[3] The same principles of law discussed above apply to summary judgment on issues of plaintiff's contributory negligence. *Ballenger v. Crowell*, 38 N.C. App. 50, 247 S.E. 2d 287 (1978). Perry admitted that he did not sound his horn when he began to pass. There is no statutory requirement to do so. *See* N.C. Gen. Stat. § 20-149(b) (1983); *compare* G.S. § 20-149(b) (1965). Perry's failure to sound his horn thus did not constitute negligence *per se*; rather, he was subject to the common law duty to use reasonable care. *Lowe v. Futtrell*, 271 N.C. 550, 157 S.E. 2d 92 (1967). Absent a statutory requirement, a motorist is only required to sound his horn when reasonably necessary to give warning. *Lowe*; *Bell v. Wallace*, 32 N.C. App. 370, 232 S.E. 2d 305, *disc. rev. denied*, 292 N.C. 466, 233 S.E. 2d 921 (1977).

Defendants argue that *Lyerly v. Griffin*, 237 N.C. 686, 75 S.E. 2d 730 (1953) controls. We disagree. In *Lyerly*, our Supreme Court affirmed a nonsuit based on plaintiff's contributory negligence, because plaintiff did not sound his horn in passing, a statutory violation. Although the *Lyerly* Court did not explicitly label the statutory violation negligence *per se*, that clearly is its import, as our Supreme Court itself later recognized in *Cowan v. Murrows*

*Transfer, Inc.*, 262 N.C. 550, 138 S.E. 2d 228 (1964). In response to the harsh rule enunciated in *Lyerly*, the relevant statute, G.S. § 20-149(b) (1953), has been amended twice to prevent any negligence *per se* interpretation. Indeed, the current version of the statute, G.S. § 20-149(b) (1983), does not even impose a duty to sound one's horn when passing. Therefore, *Lyerly* no longer applies. Perry's failure to sound his horn did not constitute negligence *per se*, and, therefore, did not, by itself, justify summary judgment for defendants.

Further, the various estimates of Perry's speed indicate that it fell far short of speed which, in itself, would qualify as reckless behavior. Significantly, Perry did safely pass the pickup, which a jury could find was the only vehicle he could have known was turning left. This evidence, taken together, does not compel a ruling that plaintiff did not exercise due caution under the circumstances. We therefore conclude that the evidence before the trial court established an issue for the jury, rather than summary judgment for defendants on the issue of plaintiff's contributory negligence.

## VI

In short, summary judgment was improper on these facts. Neither defendants' lack of negligence nor Perry's contributory negligence was sufficiently established by the forecast of evidence. Therefore, the order appealed from must be

Reversed.

Judges WEBB and EAGLES concur.